```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
             Criminal No. 13-13(1)(DSD/TNL)
```

United States of America,

       Plaintiff,

v.                                                      **ORDER**

Derrel Johon Pruitt

       Defendant.

    Julie E. Allyn, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Derrel Johon Pruitt, #16812-041, USP, P.O. Box 33, Terre Haute, IN 47808, defendant pro se.

This matter is before the court upon the pro se motion by defendant Derrel Johon Pruitt to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On April 26, 2013, Pruitt pleaded guilty to two counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act), and one count of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2. On December 4, 2013, the court sentenced Pruitt to 300 months' imprisonment, and he did not appeal. Defendant now moves to vacate his sentence, arguing that his sentence is

unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015).[1]

## DISCUSSION

**I. Procedural Default**

The government argues that Pruitt's motion is procedurally barred, and the court agrees. Generally, a court may only consider a claim raised in a habeas petition if the defendant raised it in a direct appeal. See Bousely v. United States, 523 U.S. 614, 622 ("[A] defendant ... procedurally default[s] a claim by failing to raise it on direct review."). A court, however, may consider a claim not brought in a direct appeal if the defendant shows either "cause and actual prejudice, or that he is actually innocent." Id. at 622 (citations and internal quotation marks omitted). A defendant can show cause if "a claim is so novel that its legal basis is not reasonably available to counsel ...." Id. (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). The court believes that Pruitt's claim under Johnson would not have been reasonably

---

[1] In a letter, Pruitt requested that the court appoint counsel to assist him in replying to the government's brief. See ECF No. 55. The court will construe the letter as a motion. The court notes that "there is no general right to counsel in post-conviction habeas proceedings for criminal defendants." United States v. Craycraft, 167 F.3d 451., 455 (8th Cir. 1999). The court sees no reason to depart from the rule in this case. Therefore, Pruitt's request for counsel is denied. Pruitt also requested an extension of time to reply to the government's brief. This request is moot, however, because the court has received and considered Pruitt's reply brief.

available to him at the time of his sentencing because <u>Johnson</u> explicitly overruled Supreme Court precedent. <u>See</u> <u>Reed v. Ross</u>, 468 U.S. at 17 (holding that when the Supreme Court overrules one of its precedents "there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a ... court to adopt the position that [the Supreme Court] has ultimately adopted); <u>see also</u> <u>United States v. Sabetta</u>, No. 13-cr-036-S-LDA, 2016 WL 6157454, at *11 (holding that a <u>Johnson</u> claim was not procedurally defaulted). Therefore, Pruitt has shown cause for not asserting this claim on direct appeal.

But Pruitt must also show actual prejudice in order to avoid procedural default. In order to establish actual prejudice, Pruitt must show that there is a "reasonable probability that the result of his [sentence] would have been different" had he raised this argument at sentencing. <u>Strickler v. Greene</u>, 527 U.S. 263, 289 (1999). Pruitt cannot show prejudice, however, because <u>Johnson</u> does not apply to his sentence.

In <u>Johnson</u>, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. Pruitt argues that: (1) his sentence was based on a similar residual clause found in 18 U.S.C. § 924(c)(3)(B) and (2) this residual clause is unconstitutionally vague in light of <u>Johnson</u>. The court is not persuaded. First, the court is convinced that Pruitt's violation

3

of the Hobbs Act is a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A); therefore, Pruitt's sentence was not based on the residual clause in question.  Second, even if Pruitt's sentence was based on the residual clause, the Eighth Circuit Court of Appeals has recently held that the clause is not unconstitutionally vague. United States v. Prickett, No. 15-3486, 2016 WL 5799691, at *3 (8th Cir. Oct. 5, 2016).  Because Johnson does not apply to Pruitt's sentence, he cannot show prejudice.  As a result, his claim is procedurally defaulted.[2]

**II. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).  The court is firmly convinced that Johnson does not apply to Pruitt's sentence and that reasonable jurists could not differ on the result.  As a result, a certificate of appealability is not warranted.

---

[2] In his reply brief, Pruitt requests that the court stay proceedings pending the Supreme Court's rulings in Beckles v. United States, 15-8544 (June 27, 2016) and Dean v. United States, No. 15-9260 (Oct. 28, 2016). Neither of these cases addresses the constitutionality of § 924(c)(3)(B).  Therefore, the court will not stay proceedings.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate his sentence [ECF No. 52] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 7, 2016

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court