UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 13-13 (DSD)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         **ORDER**

DERREL JOHON PRUITT,

        Defendant.

This matter is before the court upon defendant Derrel Johon Pruitt's second pro se motion for compassionate release under 18 U.S.C. § 3582. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On April 26, 2013, Pruitt pleaded guilty to two counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Hobbs Act), and one count of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2. On December 4, 2013, the court sentenced Pruitt to 300 months' imprisonment, and he did not appeal. Defendant later moved twice, unsuccessfully, to vacate his sentence. In 2022, he filed a motion seeking compassionate release

based on his medical condition and his desire to care for aging relatives. The court denied the motion. See ECF No. 81

Pruitt is currently housed at FCI-Leavenworth and is due to be released on August 31, 2036. He now moves again for compassionate release based on his rehabilitation, sentencing disparities, family circumstances, the harsh conditions of his imprisonment, and the lengthy term of his imprisonment.

Pruitt requested early release from the warden of FCI-Oxford, relating to his previous motion. In this motion, he claims to have requested release from the warden at FCI-Leavenworth, who has not responded within 30 days.

**DISCUSSION**

The First Step Acts allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). Given the record and Pruitt's statements in his motion, the court believes it is appropriate to rule on the motion at this time.

The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Relevant here, they include (1) when defendant is "the only available caregiver" for an immediate family member who is incapacitated, U.S.S.G. § 1B1.13(b)(3)(C)-(D); (2) rehabilitation of defendant, in combination with other mitigating circumstances, U.S.S.G. § 1B1.13(d); and the imposition of an unusually long sentence when measured against defendant's individualized circumstances, U.S.S.G. § 1B1.13(b)(6). Sentencing disparities and harsh conditions of confinement are not recognized bases for early release and will not be discussed further.

Pruitt first claims that he is needed to care for his incapacitated mother. In making this argument, however, he acknowledges that his sister has been taking care of his mother. Although his sister could no doubt use assistance, the guidelines state that early release may be warranted only when defendant is the "only available caregiver." Because that is not the case here, the circumstances do not support early release.

Second, Pruitt argues that his in-prison rehabilitation should constitute extraordinary and compelling reasons warranting his release. As noted above, rehabilitation alone does not support release. The court commends Pruitt for his many accomplishments in prison but is unpersuaded that release is appropriate on this basis, even considering Pruitt's circumstances.

Third, Pruitt argues that he should be granted early release because he has served more than ten years of an unusually long sentence. He fails to identify, however, any intervening changes in the law that would effectively render his originally imposed sentence unfair. See U.S.S.G. § 1B1.13(b)(6). As a result, none of the factors identified by Pruitt, whether considered individually or collectively, support his early release.

The court also finds that § 3553(a) factors weigh against release. Under the circumstances presented, a substantial reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Pruitt's history and characteristics. See 18 U.S.C. § 3553(a)(1), (a)(2)(A). The court continues to believe that the sentence originally imposed best meets the § 3553(a) factors.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that** the motion under the First Step Act [ECF No. 85] is denied.

Dated: September 3, 2024

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court